The Honorable Barbara J. Rothstein

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| **IN RE MICROSOFT CORPORATION STOCKHOLDER DERIVATIVE LITIGATION** | Lead Case No. 2:26-cv-02281-BJR<br><br>**STIPULATION REGARDING STAY OF ACTION; AND ORDER** |



**COTCHETT, PITRE & McCARTHY, LLP**
1809 7th Avenue, Suite 1610
Seattle, WA 98101
Tel: (206) 802-1272

WHEREAS, on June 12, 2026, a putative securities class action captioned *City of St. Clair Shores Police & Fire Retirement System v. Microsoft Corporation, et al.*, No. 26-cv-02071 (W.D. Wash.) (the "Securities Class Action"), was filed in this Court, which asserts violations of federal securities laws by Microsoft Corporation ("Microsoft" or the "Company") and Defendants Satya Nadella, Amy E. Hood, Jared Spataro, and Rajesh Jha.

WHEREAS, on June 30, 2026, Plaintiff Eric Anderson filed a shareholder derivative action, *Anderson v. Nadella, et al.*, Case No. 2:26-cv-02281-BJR (W.D. Wash.), in this Court (the "*Anderson* Action" or the "Consolidated Action"), asserting derivative claims on behalf of Microsoft against certain directors and officers of Microsoft for, *inter alia*, alleged violations of the Securities Exchange Act of 1934 ("Exchange Act"), breaches of fiduciary duties, and unjust enrichment.

WHEREAS, the *Anderson* Action references and relies in part upon certain factual allegations contained in or substantially similar to those in the Securities Class Action.

WHEREAS, the *Anderson* Action also references and relies in part upon certain copyright-related cases filed against Microsoft, including *Authors Guild v. OpenAI & Microsoft Corp.*, No. 23-cv-08292 (S.D.N.Y.), *Basbanes v. Microsoft Corp. & OpenAI*, No. 24-cv-00084 (S.D.N.Y.), *Byrd v. Microsoft Corp.*, No. 1:25-cv-05282 (S.D.N.Y.), and *Richner Communications, Inc. v. Microsoft Corp.*, No. 26-cv-5320 (S.D.N.Y.) (collectively, the "Copyright Actions").

WHEREAS, on August 10, 2026, Plaintiff Vladimir Gusinsky Revocable Trust filed a shareholder derivative action, *Vladimir Gusinsky Revocable Trust v. Nadella, et al.*, Case No. 2:26-cv-02837-GJL (W.D. Wash.), in this Court (the "*Gusinsky* Action"), asserting derivative claims on behalf of Microsoft against certain directors and officers of Microsoft for, *inter alia*, alleged violations of the Exchange Act and breaches of fiduciary duties substantially similar to the claims in the *Anderson* Action.

WHEREAS, in addition to the Securities Class Action and the Copyright Actions, the *Gusinsky* Action references and relies in part upon certain Illinois Biometric Information Privacy



**COTCHETT, PITRE & McCARTHY, LLP**
1809 7th Avenue, Suite 1610
Seattle, WA 98101
Tel: (206) 802-1272

Act-related cases filed against Microsoft, including *Basich v. Microsoft Corp.*, No. 2:26-cv-00422 (W.D. Wash.), and *Flowers v. Microsoft Corp.*, No. 1:26-cv-05491 (N.D. Ill.) (collectively, the "BIPA Actions").

WHEREAS, on August 28, 2026, the Court entered an order approving the parties' Stipulation Relating Actions Per Local Civil Rule 3(g) and 7(d)(1), Transferring and Consolidating Related Derivative Actions, Appointing Lead Counsel for Plaintiffs, and Providing for the Filing of a Consolidated Complaint and Response Thereto. *See* ECF 18 (the "Consolidation Order"). Pursuant to the Consolidation Order, the *Gusinsky* Action was consolidated into the *Anderson* Action.

WHEREAS, on September 8, 2026, Plaintiff Katelyn Gray filed a shareholder derivative action, *Katelyn Gray v. Nadella, et al.*, Case No. 2:26-cv-03215 (W.D. Wash.), in this Court (the "*Gray* Action"), asserting derivative claims on behalf of Microsoft against certain directors and officers of Microsoft for, *inter alia*, alleged violations of the Exchange Act and breaches of fiduciary duties substantially similar to the claims in the *Anderson* Action.

WHEREAS, pursuant to the Consolidation Order, on September 18, 2026, the Court consolidated the *Gray* Action into the *Anderson* Action and closed the *Gray* Action.

WHEREAS, the Consolidation Order provides deadlines for the filing of a Consolidated Complaint in the Consolidated Action and for Defendants to file a motion to stay the Consolidated Action;

WHEREAS, on September 30, 2026, Lead Plaintiffs filed a Consolidated Complaint.

WHEREAS, on October 5, 2026, Plaintiff Subash Subramanian filed a shareholder derivative action, *Subash Subramanian v. Nadella, et al.*, Case No. 2:26-cv-3751 (W.D. Wash.), in this Court (the "*Subramanian* Action"), asserting derivative claims on behalf of Microsoft against certain directors and officers of Microsoft for, *inter alia*, alleged violations of the Exchange Act and breaches of fiduciary duties substantially similar to the claims in the *Anderson* Action.

WHEREAS, pursuant to the Consolidation Order, on October 8, 2026, the Court consolidated the *Subramanian* Action into the *Anderson* Action and closed the *Subramanian*



**COTCHETT, PITRE & McCARTHY, LLP**
1809 7th Avenue, Suite 1610
Seattle, WA 98101
Tel: (206) 802-1272

Action.

WHEREAS, the parties have met and conferred further regarding Defendants' anticipated motion to stay and have agreed upon a proposed stay, as set forth herein.

THEREFORE, IT IS HEREBY STIPULATED AND AGREED by the Parties in the Consolidated Action, subject to the Court's approval, by and through their undersigned counsel:

1. This Consolidated Action (including Defendants' time to answer, move to dismiss, or otherwise respond to any Consolidated Complaint, and all discovery) shall be stayed until the earlier of: (i) the issuance of decisions and orders resolving (a) all motions to dismiss the operative complaint in the Securities Class Action, including all motions to dismiss any amended complaint filed in the Securities Class Action; (b) all motions for summary judgment in the Copyright Actions; and (c) all motions to dismiss the operative complaints in the BIPA Actions, including all motions to dismiss any amended complaint filed in the BIPA Actions; (ii) notification that a settlement has been reached in the Securities Class Action, Copyright Actions, and BIPA Actions; or (iii) a final resolution of the Securities Class Action, Copyright Actions, and BIPA Actions.
2. Within thirty (30) days of the termination of the stay pursuant to paragraph 1 of this Stipulation, the Parties shall meet and confer and submit a proposed scheduling order to the Court governing further proceedings in the Consolidated Action, including the date by which Defendants must answer, move against, or otherwise plead in response to the operative complaint in the Consolidated Action. Defendants shall have no obligation to respond to any complaint in the Consolidated Action unless and until a scheduling order calling for such a response has been entered.
3. If any related shareholder derivative actions are subject to a stay, and such stay is lifted or terminated prior to the lifting of the stay in this action, then the stay in this action shall be immediately lifted without the need for the filing of any motion, unless Plaintiffs and Defendants jointly agree to continue the stay.



**COTCHETT, PITRE & McCARTHY, LLP**
1809 7th Avenue, Suite 1610
Seattle, WA 98101
Tel: (206) 802-1272

4. If Microsoft engages in any mediation in the Copyright Actions, Microsoft agrees to provide Plaintiffs with reasonable advance notice of such mediation.

5. During the pendency of the stay, should the parties in the Securities Class Action schedule a mediation or participate in a court-ordered settlement conference, Defendants shall consent to Plaintiffs in the Consolidated Action participating in any such mediation(s) and/or settlement conference(s). If Defendants are unable to include Plaintiffs in the Consolidated Action in such mediation(s) and/or settlement conference(s), Defendants agree to mediate separately with Plaintiffs at or about the same time, subject to any reasonable scheduling constraints of the mediation participants.

6. During the pendency of the stay, should the parties in any other related shareholder derivative action asserting shareholder derivative allegations that are substantially similar to the shareholder derivative allegations made in the Consolidated Action schedule a mediation or participate in a court-ordered settlement conference, Defendants shall invite Plaintiffs in the Consolidated Action to participate in any such mediation(s) and/or settlement conference(s) (subject to the approval of the court and the plaintiffs in those related shareholder derivative actions only in the event that a court-ordered settlement conference is scheduled), including by communicating to the other participants Defendants' agreement to Plaintiffs' participation. If Defendants are unable to include Plaintiffs in such settlement conference(s), Defendants agree to mediate separately with Plaintiffs at or about the same time, subject to any reasonable scheduling constraints of the mediation participants. It is the intention of the parties hereto that in the event of a private mediation involving any other related shareholder derivative action asserting shareholder derivative allegations that are substantially similar to the shareholder derivative allegations made in the Consolidated Action, Plaintiffs in the Consolidated Action will also be invited to participate in that mediation.



**COTCHETT, PITRE & McCARTHY, LLP**
1809 7th Avenue, Suite 1610
Seattle, WA 98101
Tel: (206) 802-1272

7. Subject to counsel for the Parties entering a reasonably and mutually agreeable confidentiality agreement or protective order (to include a mutually agreeable provision that any books and records produced pursuant to this paragraph 7 are deemed incorporated by reference into any complaint in this action), Defendants agree that should they provide books and records pursuant to Washington's shareholder inspection demand statutes or any other shareholder inspection statute (such as 8 *Del. C.* § 220) to any shareholder of Microsoft relating to any of the factual matters contained in the allegations in the Consolidated Action, those same books and records will be provided to Lead Counsel.

**IT IS SO STIPULATED.**



**COTCHETT, PITRE & McCARTHY, LLP**
1809 7th Avenue, Suite 1610
Seattle, WA 98101
Tel: (206) 802-1272

October 30, 2026

COTCHETT PITRE & MCCARTHY, LLP

/s/ Karin B. Swope
Karin B. Swope
1809 7th Avenue, Suite 1610
Seattle, WA 98101
Telephone: (206) 802-1272
kswope@cpmlegal.com

BOTTINI & BOTTINI, INC.
Francis A. Bottini, Jr.
7817 Ivanhoe Avenue, Suite 102
La Jolla, CA 92037
Telephone: (858) 914-2001
fbottini@bottinilaw.com

*Lead Counsel for Plaintiffs*

DAVIS WRIGHT TREMAINE LLP

/s/ Teal Luthy Miller
Robert J. Maguire
Teal Luthy Miller
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
Telephone: (206) 622-3150
robmaguire@dwt.com
tealmiller@dwt.com

COVINGTON & BURLING LLP
Jonathan M. Sperling
Robert C. Gianchetti
30 Hudson Yards
New York, NY 10001
Telephone: (212) 841-1000
jsperling@cov.com
rgianchetti@cov.com

*Counsel for Defendants*

**SO ORDERED.**

Barbara J Rothstein

The Honorable Barbara J. Rothstein
United States District Judge



**COTCHETT, PITRE & McCARTHY, LLP**
1809 7th Avenue, Suite 1610
Seattle, WA 98101
Tel: (206) 802-1272